# EXHIBIT A

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 20 2017

E. OLIVAS

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ARTURO TORRES ROMERO, an individual, on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MAY TRUCKING COMPANY, a Corporation; and Does 1 through 50, Inclusive, <br><br><br> Defendants. | Case No. **RIC 1719848** <br><br> **CLASS ACTION COMPLAINT** <br><br> 1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br><br> 2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br><br> 3.  FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br><br> 4.  FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br><br> 5.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, <br><br> 6.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226. <br><br> **DEMAND FOR A JURY TRIAL** |

1

By Fax

1      Plaintiff Arturo Torres Romero ("PLAINTIFF") an individual, on behalf of himself and

2    all other similarly situated current and former employees, alleges upon information and belief,

3    except for his own acts and knowledge which are based on personal knowledge, the following:

4

5                          **THE PARTIES**

6      1.     Plaintiff Arturo Torres Romero has driven a truck for Defendant May Trucking

7    Company, ("DEFENDANT") in California since October of 2012 as a Truck Driver employee.

8    As a Truck Driver, PLAINTIFF's work requires the performance of manual labor consisting of

9    driving DEFENDANT's trucks and transporting goods.    In performing these duties,

10    PLAINTIFF does not utilize any independent discretion, judgment, or management decisions

11    with respect to matters of significance.    To the contrary, the work of PLAINTIFF as a Truck

12    Driver is to provide on a daily basis the transportation of goods in accordance with the

13    management decisions and business policies established by DEFENDANT.    As a result,

14    PLAINTIFF is entitled to be paid minimum wages, entitled to accurate wage statements, and

15    meal and rest periods as required by California law.    PLAINTIFF is paid by piece-rate while

16    he has been employed as a Truck Driver for DEFENDANT.    Importantly, he is not provided

17    with minimum wages for all his non-production work time. PLAINTIFF also does not receive

18    paid rest breaks as required by California law and DEFENDANT fails to provide PLAINTIFF

19    with the legally required thirty (30) minute uninterrupted meal periods prior to his fifth (5th)

20    hour of work.  DEFENDANT fails to pay PLAINTIFF the correct amount of compensation

21    because DEFENDANT established an illegal pay practice of paying PLAINTIFF on a piece rate

22    basis when delivering loads at the locations assigned by DEFENDANT and as such fails to pay

23    minimum wages for all compensable time worked. The amount in controversy for PLAINTIFF

24    individually does not exceed the sum or value of $75,000.

25      2.     DEFENDANT is a corporation and at all relevant times mentioned herein

26    conducted and continues to conduct substantial and regular business throughout the State of

27    California. DEFENDANT provides over-the-road transportation services. DEFENDANT offers

28    temperature-controlled freight services and short and medium haul regional services.

3.      PLAINTIFF brings this class action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Defendant May Trucking Company in California as Truck Driver employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

4.      The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants, sued herein as DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based thereon, alleges that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

5.      The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

6.      The work required to be performed by PLAINTIFF and the other CALIFORNIA CLASS Members is manual labor consisting of driving DEFENDANT's trucks and transporting goods in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members are involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work is executed by

3

1  the performance of manual labor within a defined skill set.  PLAINTIFF and the other

2  CALIFORNIA CLASS Members employed by DEFENDANT perform these manual tasks but

3  are not paid the minimum wages to which they are entitled because of DEFENDANT's

4  systematic policies and practices of failing to correctly record all time worked, including, but

5  not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time

6  spent fueling DEFENDANT's trucks, and time spent waiting for DEFENDANT's loads to be

7  ready for transport. DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and

8  the other CALIFORNIA CLASS Members in accordance with California law, and thereby

9  systematically underpaid minimum wage compensation to PLAINTIFF and the other

10 CALIFORNIA CLASS Members for their documented time worked.

11        7.    Individuals in these Truck Driver positions are and were employees who are

12 entitled to minimum wages and prompt payment of amounts that the employer owes an

13 employee when the employee quits or is terminated, and other compensation and working

14 conditions that are prescribed by law.

15        8.    Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer

16 shall pay to each employee, on the established payday for the period involved, not less than the

17 applicable minimum wage for all hours worked in the payroll period, whether the remuneration

18 is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage

19 Order as "the time during which an employee is subject to the control of an employer, and

20 includes all the time the employee is suffered or permitted to work, whether or not required to

21 do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly

22 compensation for *all* their time spent performing other non-driving tasks directed by

23 DEFENDANT during their work shifts.

24        9.    In addition, from time to time, DEFENDANT fails to provide all the legally

25 required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to

26 the PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable

27 Wage Order and Labor Code. DEFENDANT does not have a policy or practice which provides

28 or records all the legally required unpaid, off-duty meal periods and all the legally required paid,

4

off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is evidenced by DEFENDANT's business records.

10. Specifically, DEFENDANT's dispatchers assign PLAINTIFF loads and give PLAINTIFF the directions for his assigned loads and the expected time of delivery/pickup. These assignments rarely, if ever, carve out times for PLAINTIFF and the other CALIFORNIA CLASS Members to take the timely off-duty meal and rest breaks to which they are legally entitled and PLAINTIFF and the CALIFORNIA CLASS Members are often forced to forego meal and rest breaks to ensure that they deliver their loads at the times expected by DEFENDANT. DEFENDANT requires PLAINTIFF to take uninterrupted routes that will not allow him to stop for a meal by scheduling the meal break in accordance with the Department of Transportation guidelines that require meal breaks after 8 hours instead of before the end of the fifth hour worked. DEFENDANT also instructs PLAINTIFF to drive to so many different locations within a day that PLAINTIFF cannot reasonably take a meal break of a half hour before the end of his fifth hour worked. The violations are, therefore, pursuant to the DEFENDANT's instructions and not the PLAINTIFF's own idiosyncratic decisions. The time pressure to arrive at a delivery/pickup location by a designated hour is so severe, that there is little to no time for PLAINTIFF and other CALIFORNIA CLASS Members to take timely, off-duty meal and rest periods. DEFENDANT is aware that PLAINTIFF and CALIFORNIA CLASS Members are from time to time denied the opportunity to take meal and rest periods due to the burdensome workload and time constraints placed upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refuses to authorize premium pay for missed or interrupted meal and rest periods. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid

1  rest periods is evidenced by DEFENDANT's business records.

2      11.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other
3  members of the CALIFORNIA CLASS with complete and accurate wage statements which
4  fails to show, among other things, the correct minimum wages for all their time worked,
5  including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226
6  provides that every employer shall furnish each of his or her employees with an accurate
7  itemized wage statement in writing showing, among other things, gross wages earned and all
8  applicable hourly rates in effect during the pay period and the corresponding amount of time
9  worked at each hourly rate. As a result, DEFENDANT provides PLAINTIFF and the other
10 members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code §
11 226.

12     12.    DEFENDANT as a matter of corporate policy, practice and procedure,
13 intentionally and knowingly fails to reimburse and indemnify PLAINTIFF and the other
14 CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and
15 other CALIFORNIA CLASS Members in direct consequence of discharging their duties on
16 behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required
17 to indemnify employees for all expenses incurred in the course and scope of their employment.
18 Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee
19 for all necessary expenditures or losses incurred by the employee in direct consequence of the
20 discharge of his or her duties, or of his or her obedience to the directions of the employer, even
21 though unlawful, unless the employee, at the time of obeying the directions, believed them to
22 be unlawful."

23     13.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
24 Members as a business expense, are required by DEFENDANT to use their own personal
25 cellular phones as a result of and in furtherance of their job duties as employees for
26 DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated
27 with the use of their personal cellular phones for DEFENDANT's benefit. As a result, in the
28 course of their employment with DEFENDANT, PLAINTIFF and other members of the

6

1  CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not

2  limited to, costs related to the use of their personal cellular phones all on behalf of and for the

3  benefit of DEFENDANT.

4       14.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS,

5  seeks to recover all the compensation that DEFENDANT is required by law to provide, but fails

6  to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members.  PLAINTIFF also

7  seeks penalties and all other relief available to him and other CALIFORNIA CLASS Members

8  under California law. Finally, PLAINTIFF seeks declaratory relief finding that the employment

9  practices and policies of the DEFENDANT violated California law and injunctive relief to

10  enjoin the DEFENDANT from continuing to engage in such employment practices.

11       15.    In performing the conduct herein alleged, DEFENDANT's wrongful conduct and

12  violations of law as herein alleged demean and wrongfully deprive PLAINTIFF and the other

13  members of the CALIFORNIA CLASS of money and career opportunities to which they are

14  lawfully entitled. DEFENDANT engages in such wrongful conduct by failing to have adequate

15  employment policies and maintaining adequate employment practices consistent with such

16  policies and the applicable law.  DEFENDANT's wrongful conduct as herein alleged caused

17  the money belonging to PLAINTIFF and the other members of the CALIFORNIA CLASS to

18  be kept by DEFENDANT and thereby converted by DEFENDANT for DEFENDANT's own

19  use.

20       16.    Accordingly, DEFENDANT committed acts of unfair competition in violation

21  of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by

22  engaging in company-wide policies that violated the California Labor Code and regulations

23  promulgated thereunder as herein alleged.

### THE CALIFORNIA CLASS

25       17.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class,

7

CLASS ACTION COMPLAINT

1  defined as all individuals who are or previously were employed by DEFENDANT in California

2  as Truck Driver employees (the "CALIFORNIA CLASS") at any time during the period

3  beginning on the date four (4) years before the filing of this Complaint and ending on the date

4  as determined by the Court (the "CALIFORNIA CLASS PERIOD").

5       18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

6  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

7  requirements, and the applicable provisions of California law, intentionally, knowingly, and

8  wilfully, engages in a practice whereby DEFENDANT uses an unlawful, unfair and deceptive

9  method to calculate minimum wage payment and payment for missed meal periods and off-duty

10  rest breaks owed to the PLAINTIFF and the other members of the CALIFORNIA CLASS.

11       19.    DEFENDANT is legally required to comply with all labor laws and regulations

12  with respect to these employees.   All CALIFORNIA CLASS Members, including the

13  PLAINTIFF, perform the same manual labor and are paid by DEFENDANT according to

14  uniform and systematic company procedures, which, as alleged herein above, fail to correctly

15  pay minimum wage compensation.  This business practice is uniformly applied to each and

16  every member of the CALIFORNIA CLASS, and therefore, the propriety of these business

17  practices can be adjudicated on a class-wide basis.

18       20.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

19  California law by:

20       (a)    Committing an act of unfair competition in violation of the California

21            Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

22            unlawfully, unfairly and deceptively having in place company policies,

23            practices and procedures that uniformly deny PLAINTIFF and the

24            members of the CALIFORNIA CLASS the correct minimum wages and

25            otherwise violate applicable law;

26       (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

27            §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

28            having in place company policies, practices and procedures that uniformly

1    and systematically fail to provide and record all the legally required

2    unpaid, off-duty meal periods and all the legally required paid, off-duty

3    rest periods to the PLAINTIFF and the CALIFORNIA CLASS members;

4    and,

5    (c)    Committing an act of unfair competition in violation of the California

6    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

7    violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

8    the CALIFORNIA CLASS members with necessary expenses incurred in

9    the discharge of their job duties.

10    21.    This Class Action meets the statutory prerequisites for the maintenance of a Class

11    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

12    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

13    that the joinder of all CALIFORNIA CLASS Members is impracticable

14    and the disposition of their claims as a class will benefit the parties and the

15    Court;

16    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

17    that are raised in this Complaint are common to the CALIFORNIA

18    CLASS and will apply uniformly to every member of the CALIFORNIA

19    CLASS;

20    (c)    The claims of the representative PLAINTIFF are typical of the claims of

21    each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other

22    members of the CALIFORNIA CLASS, has been subjected to

23    DEFENDANT's illegal practice of failing to pay minimum wages for all

24    time worked by the PLAINTIFF and other members of the CALIFORNIA

25    CLASS.    PLAINTIFF sustained economic injury as a result of

26    DEFENDANT's employment practices.  PLAINTIFF and the members

27    of the CALIFORNIA CLASS were and are similarly or identically harmed

28    by the same unlawful, deceptive, unfair and pervasive pattern of

9

1          misconduct engaged in by the DEFENDANT; and,

2       (d)     The representative PLAINTIFF will fairly and adequately represent and

3                  protect the interest of the CALIFORNIA CLASS, and has retained

4                  counsel who are competent and experienced in Class Action litigation.

5                  There are no material conflicts between the claims of the representative

6                  PLAINTIFF and the members of the CALIFORNIA CLASS that would

7                  make class certification inappropriate.  Counsel for the CALIFORNIA

8                  CLASS will vigorously assert the claims of all CALIFORNIA CLASS

9                  Members.

10    22.    In addition to meeting the statutory prerequisites to a Class Action, this action is

11  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12       (a)     Without class certification and determination of declaratory, injunctive,

13                  statutory and other legal questions within the class format, prosecution of

14                  separate actions by individual members of the CALIFORNIA CLASS will

15                  create the risk of:

16            1)     Inconsistent or varying adjudications with respect to individual

17                      members of the CALIFORNIA CLASS which would establish

18                      incompatible standards of conduct for the parties opposing the

19                      CALIFORNIA CLASS; and/or,

20            2)     Adjudication with respect to individual members of the

21                      CALIFORNIA CLASS which would as a practical matter be

22                      dispositive of interests of the other members not party to the

23                      adjudication or substantially impair or impede their ability to

24                      protect their interests.

25       (b)     The parties opposing the CALIFORNIA CLASS have acted or refused to

26                  act on grounds generally applicable to the CALIFORNIA CLASS, making

27                    appropriate class-wide relief with respect to the CALIFORNIA CLASS

28                  as a whole in that the DEFENDANT subjects these employees to

<div align="center">10</div>

DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim Plaintiff seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA CLASS.

11

CLASS ACTION COMPLAINT

23. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable

12

1    to the CALIFORNIA CLASS, thereby making final class-wide relief

2    appropriate with respect to the CALIFORNIA CLASS as a whole;

3    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

4    the business records of DEFENDANT.  The CALIFORNIA CLASS

5    consists of all DEFENDANT's current and former Truck Driver

6    employees employed in California during the CALIFORNIA CLASS

7    PERIOD; and,

8    (i)    Class treatment provides manageable judicial treatment calculated to bring

9    a efficient and rapid conclusion to all litigation of all wage and hour

10   related claims arising out of the conduct of DEFENDANT as to the

11   members of the CALIFORNIA CLASS.

12   24.    DEFENDANT maintains records from which the Court can ascertain and identify

13   by name and job title, each of DEFENDANT's employees who have been systematically,

14   intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

15   procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

16   any additional job titles of similarly situated employees when they have been identified.

17

18   **THE CALIFORNIA LABOR SUBCLASS**

19   25.    PLAINTIFF further brings the Second, Third, Fourth, Fifth and Sixth Causes of

20   Action on behalf of the a California subclass, defined as all members of the CALIFORNIA

21   CLASS who are or previously were employed by DEFENDANT in California as Truck Driver

22   employees (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3)

23   years prior to the filing of the complaint and ending on the date as determined by the Court (the

24   "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

25   26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

26   LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS

27   PERIOD should be adjusted accordingly.

28   27.    DEFENDANT, as a matter of company policy, practice and procedure, and in

13

1   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

2   requirements, and the applicable provisions of California law, intentionally, knowingly, and

3   wilfully, engages in a practice whereby DEFENDANT fails to correctly calculate compensation

4   for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR

5   SUB-CLASS, even though DEFENDANT enjoys the benefit of this work, requires employees

6   to perform this work and permits or suffers to permit this work. DEFENDANT has uniformly

7   denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees

8   are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent

9   equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against

10  DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted

11  accordingly.

12       28.    Common questions of law and fact exist as to members of the CALIFORNIA

13  LABOR SUBCLASS, including, but not limited, to the following:

14              (a)    Whether DEFENDANT unlawfully fails to pay minimum wage

15                     compensation to members of the CALIFORNIA LABOR SUBCLASS in

16                     violation of the California Labor Code and applicable regulations;

17              (b)    Whether DEFENDANT's policy and practice of failing to pay

18                     CALIFORNIA LABOR SUBCLASS Members wages, including

19                     minimum wages for all time worked, violates applicable provisions of

20                     California law;

21              (c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

22                     compensation due to members of the CALIFORNIA LABOR SUB-

23                     CLASS for missed meal and rest breaks in violation of the California

24                     Labor Code and California regulations and the applicable California Wage

25                     Order;

26              (d)    Whether DEFENDANT unlawfully failed to keep and furnish

27                     CALIFORNIA LABOR SUBCLASS Members with accurate records of

28                     time worked; and,

14

1    (e)    Whether DEFENDANT's conduct was willful.

2    29.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS

3    under California law by:

4    (a)    Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall

5           time worked and thereby failing to pay PLAINTIFF and the members of

6           the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay

7           for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

8    (b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

9           PLAINTIFF and the other members of the CALIFORNIA CLASS with

10          all legally required off-duty, uninterrupted thirty (30) minute meal breaks

11          and the legally required rest breaks;

12   (c)    Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFF

13          and the CALIFORNIA CLASS members with necessary expenses

14          incurred in the discharge of their job duties; and,

15   (d)    Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFF

16          and the CALIFORNIA LABOR SUBCLASS Members with an accurate

17          itemized statement in writing showing the gross wages earned, the net

18          wages earned, all applicable hourly rates in effect during the pay period

19          and the corresponding amount of time worked at each hourly rate by the

20          employee.

21   30.    This Class Action meets the statutory prerequisites for the maintenance of a Class

22   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

23   (a)    The persons who comprise the CALIFORNIA LABOR SUBCLASS are

24          so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS

25          members is impracticable and the disposition of their claims as a class will

26          benefit the parties and the Court;

27   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

28          that are raised in this Complaint are common to the CALIFORNIA

15

1    LABOR SUBCLASS and will apply uniformly to every member of the

2    CALIFORNIA LABOR SUBCLASS;

3    (c)    The claims of the representative PLAINTIFF are typical of the claims of

4    each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF,

5    like all other members of the CALIFORNIA LABOR SUBCLASS, is

6    denied compensation for all time worked as a result of DEFENDANT's

7    systematic illegal and deceptive pay practices. PLAINTIFF and all other

8    members of the CALIFORNIA LABOR SUBCLASS sustained economic

9    injuries arising from DEFENDANT's violations of the laws of California.

10    PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS

11    were and are similarly or identically harmed by the same unlawful,

12    deceptive, unfair and pervasive pattern of misconduct engaged in by the

13    DEFENDANT as described above; and,

14    (d)    The representative PLAINTIFF will fairly and adequately represent and

15    protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

16    retained counsel who are competent and experienced in Class Action

17    litigation. There are no material conflicts between the claims of the

18    representative PLAINTIFF and the members of the CALIFORNIA

19    LABOR SUBCLASS that would make class certification inappropriate.

20    Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously

21    assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

22    31.    In addition to meeting the statutory prerequisites to a Class Action, this action is

23    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

24    (a)    Without class certification and determination of declaratory, injunctive,

25    statutory and other legal questions within the class format, prosecution of

26    separate actions by individual members of the CALIFORNIA LABOR

27    SUBCLASS will create the risk of:

28    1)    Inconsistent or varying adjudications with respect to individual

16

members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUBCLASS as a whole in that the DEFENDANT fails to pay these employees minimum wage compensation as a result of DEFENDANT's company wide illegal and deceptive pay practices;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUBCLASS members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

17

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)     The difficulties likely to be encountered in the management of a Class Action; and,

5)     The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

32.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

18

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR SUBCLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

### JURISDICTION AND VENUE

34.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

35.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF resides in this County, worked for DEFENDANT in this County, and DEFENDANT currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

37.    DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197, 1197.1 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203

as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.    By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.    By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's policy and practice fails to provide the required amount of compensation for missed meal and rest breaks and fails to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, et seq., and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

42.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices cause PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures fail to provide all legally required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

45.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a paid rest period was not timely provided as required by law.

46.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

47.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

49.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

50.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

51.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

52.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

53.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

55.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

56.     DEFENDANT maintains a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks.  As set forth herein, DEFENDANT's uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA

LABOR SUB-CLASS.

57.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

58.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpays the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

59.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the correct minimum wage compensation for their time worked for DEFENDANT.

60.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for time worked that they are entitled to, constituting a failure to pay all earned wages.

61.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they work, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

63.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

64.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///
///
///
///
///
///

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

65.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

66.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time fails to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

67.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

68.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

1    to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

2    suit.

3

4                          **FOURTH CAUSE OF ACTION**

5                    **For Failure to Provide Required Rest Periods**

6                         **[Cal. Lab. Code §§ 226.7 & 512 ]**

7    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

8                                   **Defendants)**

9          69.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

10   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

11   of this Complaint.

12         70.    In addition, because of DEFENDANT's compensation pay plan described herein,

13   DEFENDANT fail to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

14   Members for their rest periods as required by the applicable Wage Order and Labor Code.

15   DEFENDANT does not have a policy or practice which pays for off-duty rest periods to

16   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members.  As a result,

17   DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

18   Members with all the legally required paid rest periods is evidenced by DEFENDANT's

19   business records.  Additionally, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

20   Members are also required to work in excess of four (4) hours without being provided ten (10)

21   minute rest periods.  Further, these employees are denied their first rest periods of at least ten

22   (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

23   period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

24   and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

25   ten (10) hours or more.  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

26   are also not provided with one hour wages in lieu thereof.  As a result of their rigorous work

27   schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are

28   periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

71.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

72.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

73.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

74.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

75.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  Specifically, DEFENDANT fails to reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited to, costs related to using their personal cellular phones all on behalf of and for the

benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure is to not reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

76.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

77.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

78.    Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under

subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

79.    From time to time, DEFENDANT violates Labor Code § 226(a), in that DEFENDANT fails to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee. DEFENDANT fails to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which fail to show, among other things, the correct minimum wage compensation for time worked, and allocation of lawfully required, paid off-duty rest periods and payment for missed meal periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

CLASS ACTION COMPLAINT

80.     DEFENDANT knowingly and intentionally fails to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS. These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CALIFORNIA CLASS:

   A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

   B)     An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS;

   C)     Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

   D)     An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.     On behalf of the CALIFORNIA LABOR SUBCLASS:

   A)     That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action

31

pursuant to Cal. Code of Civ. Proc. § 382;

B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum wage compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

C)    Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

D)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

E)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226.

3.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226 , and/or §1194.

Dated: October 20, 2017         BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

By:_____
         Norman B. Blumenthal
         Attorneys for Plaintiff

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

1   PLAINTIFF demands jury trial on issues triable to a jury.

2

3

4

5   Dated: October 20, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

6

7                                    By:_____
                                          Norman B. Blumenthal
8                                         Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Norman B. Blumenthal   (Bar # 68687)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Arturo Torres Romero | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
ARTURO TORRES ROMERO v. MAY TRUCKING COMPANY

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RIC 1719848 |
| | | | JUDGE: |
| | | | DEPT: By Fax |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 20, 2017

Norman B. Blumenthal
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

ROMERO VS MAY TRUCKING

CASE NO. RIC1719848

This case is assigned to the Honorable Judge Sharon J. Waters in Department 10  for all purposes.

The Case Management Conference is scheduled for 12/19/17 at  8:30 in Department 10.

Department 5 and 10 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____

ERIKA L OLIVAS, Deputy Clerk

Date: 10/20/17

ccadcc
12/11/14

Notice 'CCADCC' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC1719848 on 10/20/17:


    BLUMENTHAL NORDREHAUG & BHOWMIK
    2255 CALLE CLARA
    LA JOLLA, CA 92037



LA: 213-482-5555
OC: 714-662-5555
SD: 619-263-5555
Statewide: 888-512-9990
www.ddslegal.com

CLIENT #: 8005
CLIENT: Scopelitis, Garvin, Light, Hanson & Feary
CALLER: Michelle Ext 5030
PHONE: (626) 795-4700

FROM:    DDS
         2900 Bristol St Ste E106
         Costa Mesa, CA 92626

TO:      rsc
         4050 MAIN ST
         RIVERSIDE, CA 92501

## TRACKING NUMBER:
### 3258565
PDF/Fax Filing/PDF-Delivery

COMPLETE BY: 11/28/17 16:00
CASE NUMBER:
RIC1719848

REFERENCE(S):
014401.4

EMAIL:
mlazo@scopelitis.com





DOCUMENTS / INSTRUCTIONS:

FILE AND CONFORM ANSWER
OKAY TO ADVANCE FEE IF NEEDED.
EMAIL A CONFORMED COPY BACK TODAY

92501-3702

X-0006-D3258565

WAIT/ RESEARCH TIME: _____    ADVANCED FEE: _____    CHECK #: _____

DDS STATUS: _____

COMPLETION DATE: _____    RECEIVED BY: _____

COMPLETION TIME: _____    PRINT NAME: _____

```
**************************************************************************
*          Superior Court of California, County of Riverside          *
*                     www.riverside.courts.ca.gov                     *
*                                                                      *
*                       SUPERIOR COURT- RIVERSIDE                      *
*----------------------------------------------------------------------*
*                                                                      *
* Receipt # 201711280606      Oper: RCCM1            Date: 11/28/17    *
*                                                                      *
* Case #    RIC1719848    Case Type: Riverside Civil                   *
*                                                                      *
* Name: ROMERO VS MAY TRUCKING COMPANY                                 *
*                                            Appearance Fee            *
* Payment Type: CHECK                                                  *
*                                                                      *
*Received:            $450.00                                          *
*       Fee :         $450.00                                          *
*Change:               $0.00                                           *
*                                                                      *
*----------------------------------------------------------------------*
```

```
*******************************************************************
*         Superior Court of California, County of Riverside        *
*                  www.riverside.courts.ca.gov                     *
*                                                                  *
*                     SUPERIOR COURT- RIVERSIDE                    *
*------------------------------------------------------------------*
*                                                                  *
* Receipt # 201711280609      Oper: RCCM1          Date: 11/28/17  *
*                                                                  *
* Case #    RIC1719848    Case Type: Riverside Civil               *
*                                                                  *
* Name: ROMERO VS MAY TRUCKING COMPANY                             *
*                                    Complex Case Designation (Defe*
* Payment Type: Split Payment        CHECK / $500.00 CHECK/ $500.00*
*                                                                  *
*Received:          $1,000.00                                      *
*        Fee :      $1,000.00                                      *
*Change:                $0.00                                      *
*                                                                  *
*------------------------------------------------------------------*
```

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 2 8 2017

C  Marias

1   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2   Megan E. Ross (SBN 227776)
    mross@scopelitis.com
3   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 560
4   Pasadena, California 91101
    Tel.: (626) 795-4700
5   Fax: (626) 795-4790

6   Adam C. Smedstad (SBN 303591)
    asmedstad@scopelitis.com
7   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC
    30 West Monroe Street, Suite 600
8   Chicago, Illinois 60603
    Tel: (312) 255-7200
9   Fax: (312) 422-1224

10  Attorneys for Defendant,
    MAY TRUCKING COMPANY
11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF RIVERSIDE

14  ARTURO TORRES ROMERO, an            )   Case No. RIC 1719848
    individual, on behalf of himself, and on  )
15  behalf of all persons similarly situated,  )
                                         )
16             Plaintiff,                )   ANSWER AND AFFIRMATIVE
                                         )   DEFENSES TO COMPLAINT
17          v.                           )
                                         )   Case Filed: October 20, 2017
18  MAY TRUCKING COMPANY, an            )   Trial Date: Not Set
    Idaho Corporation; and DOES 1 through )
19  50, inclusive,                       )   Hon. Sharon J. Waters
                                         )   Department 10
20             Defendants.               )

21          Defendant, May Trucking Company, answers Plaintiff's Complaint as follows:

22  I.    GENERAL DENIAL

23          Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally

24  and specifically denies each and every allegation contained in the Complaint and each

25  purported cause of action therein. Without limiting the generality of the foregoing,

26  Defendant specifically denies that Plaintiff is entitled to any of the relief requested; that

27  Defendant violated any statute or other legal requirement pertaining to compensation

28                                    1

    ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

paid to Plaintiff; that Defendant is guilty of any wrongful conduct or omission; and that any conduct or omissions of Defendant caused any injury or damage to Plaintiff in the amount alleged or otherwise.

## II.    AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues or that it is liable for any claims against it:

1.    The Complaint should be dismissed because each claim set forth in the Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint should be dismissed or transferred as it was filed in the improper venue.

3.    Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

4.    Some or all of Plaintiff's claims have been released by an earlier settlement of related claims.

5.    Some or all of Plaintiff's claims are barred by the doctrine of laches.

6.    Some or all of Plaintiff's claims are barred by the doctrine of unclean hands and/or the doctrine of waiver. To the extent Plaintiff was provided with the opportunity to take meal and/or rest breaks and they declined failed, or refused to do so, Plaintiff cannot recover.

7.    Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

8.    Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing and Defendant has not intentionally or willfully failed to pay such additional compensation.

2

9.   Some or all of Plaintiff's claims are barred by applicable choice of law principles. California law does not apply to the work performed by Plaintiff and any person they purport to represent. Alternatively, Plaintiff's claims are also barred to the extent that Plaintiff or any person they purport to represent is not a resident of California and does not work primarily in California, because the provisions of the California Labor Code cited in the Complaint apply only to California residents working primarily in California.

10.   Plaintiff's claims must be dismissed to the extent they relate to work activities performed outside California because the California Labor Code and California Business & Professions Code § 17200 ("Section 17200") do not apply to work activities performed outside the state.

11.   The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in Section 17200.

12.   The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the U.S. Constitution and the California Constitution.

13.   Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

14.   Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

15.   Plaintiff's claims are barred because of the doctrine of avoidable consequences.

16.   This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, commonality, and superiority.

3

17.    Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code, California Business & Professions Code, or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

18.    Defendant has not willfully or intentionally failed to pay any compensation to Plaintiff so as to justify an award of penalties or fees to Plaintiff on that basis.

19.    To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such a relief because he has an adequate remedy at law.

20.    Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

21.    Plaintiff's allegations against unidentified "Doe" Defendants must be dismissed because Plaintiff has failed to identify and serve those purported defendants in a timely manner.

22.    Defendant has paid to Plaintiff, on a timely basis and with proper itemization, all wages to which Plaintiff was entitled.

23.    Plaintiff's claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST, art. I, § 8, cl. 3.

24.    Some or all of the claims in Plaintiff's complaint are barred by the applicable choice of law principles.

25.    The California wage and hour laws under which Plaintiff asserts his claims are unconstitutional as applied to interstate truck drivers under the Due Process Clause of the U.S. CONST. amend. XIV § 1.

26.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and the putative class members lack standing to assert

4

1    any of the causes of action contained in the Complaint because they have not suffered

2    an injury in fact.

3        27.    Plaintiff's meal and rest break claims are preempted under the Supremacy

4    Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's

5    meal and rest break rules conflict with the federal hours of service regulations, 49

6    C.F.R. Part 395, by imposing a different standard than that carefully set at the federal

7    level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the

8    FMCSA's regulation of the hours of service of drivers in interstate commerce through

9    the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for

10   additional or supplemental state regulation of drivers' hours of service.

11       28.    Plaintiff's claims for penalties under California Labor Code § 226

12   ("Section 226") are barred because California law does not apply to the wage

13   statements Defendant provides or provided to Plaintiff or any person they purport to

14   represent, and, even assuming for the sake of argument that Defendant violated Section

15   226, such alleged violation was not knowing and/or intentional on the part of

16   Defendant. Moreover, Plaintiff has failed to show any injury resulting from such alleged

17   violation.

18       29.    Plaintiff has failed to state facts sufficient to constitute a claim for waiting

19   time penalties under Section 203 because California law does not apply to Defendant's

20   employment of Plaintiff and any person they purport to represent.

21       30.    Plaintiff's claims are barred, in whole or in part, by the doctrine of

22   preemption, including that Plaintiff's claims regarding the alleged failure to provide

23   meal and rest breaks under California law, under the Supremacy Clause of the U.S.

24   Constitution, U.S. CONST. art. VI, cl. 2, because California's meal and rest break rules

25   affect Defendant's prices, routes, and services within the meaning of the express

26   preemption provision of the Federal Aviation Administration Authorization Act

27   ("FAAAA"), 49 U.S.C. § 14501.

28

5

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

31.    Plaintiff cannot recover alleged unpaid meal or rest break compensation under Section 17200 because any payments under Section 226.7 are not subject to equitable relief.

32.    Plaintiff's claims are barred, in whole or in part, to the extent that an award of penalties against Defendant would constitute an excessive fine and/or a violation of Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

33.    Plaintiff's claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST, art. VI, cl. 2, because compliance with the requirements of the California Labor Code affects Defendant's prices, rates, routes, and services within the meaning of the express preemption provision of the FAAAA, 49 U.S.C. § 14501.

34.    Some or all of Plaintiff's claims are barred because they impermissibly impact Defendant's prices, routes and services in violation of the FAAAA.

35.    Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case, then Defendant asserts the affirmative defenses set forth above against each and every member of the certified class.

36.    Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Defendant, May Trucking Company, requests that Plaintiff take nothing by his Complaint; that judgment be entered against Plaintiff and in favor of Defendant; that this case not be certified as a class action; that Defendant be awarded its attorney fees and costs in defending this case; and that Defendant be awarded all other relief as this Court deems proper.

1    Dated: November 28, 2017

2

3                                          SCOPELITIS, GARVIN, LIGHT,
                                           HANSON & FEARY, LLP

4                                          By: _____

5                                          Megan E. Ross
                                           Attorney for Defendant,
6                                          MAY TRUCKING COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On November 28, 2017, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Norman B. Blumenthal
> Kyle R. Nordrehaug
> Aparajit Bhowmik
> Blumenthal, Nordrehaug & Bhowmik LLP
> 2255 Calle Clara
> La Jolla, California 92037

√    **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

—    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 28, 2017, at Pasadena, California.

_____
Michelle Lazo

4835-5270-7923, v. 1

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 2 8 2017

C. Marias

1   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2   Megan E. Ross (SBN 227776)
    mross@scopelitis.com
3   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 560
4   Pasadena, California 91101
    Tel.: (626) 795-4700
5   Fax: (626) 795-4790

6   Adam C. Smedstad (SBN 303591)
    asmedstad@scopelitis.com
7   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC
    30 West Monroe Street, Suite 600
8   Chicago, Illinois 60603
    Tel: (312) 255-7200
9   Fax: (312) 422-1224

10  Attorneys for Defendant,
    MAY TRUCKING COMPANY
11
                                                                    BY FAX
12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF RIVERSIDE

14  ARTURO TORRES ROMERO, an          )  Case No. RIC 1719848
    individual, on behalf of himself, and on )
15  behalf of all persons similarly situated, )
                                            )  ANSWER AND AFFIRMATIVE
16              Plaintiff,                   )  DEFENSES TO COMPLAINT
                                            )
17          v.                              )
                                            )  Case Filed: October 20, 2017
18  MAY TRUCKING COMPANY, an          )  Trial Date: Not Set
    Idaho Corporation; and DOES 1 through )
19  50, inclusive,                         )  Hon. Sharon J. Waters
                                            )  Department 10
20              Defendants.                  )

21          Defendant, May Trucking Company, answers Plaintiff's Complaint as follows:

22  **I.   GENERAL DENIAL**

23          Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally

24  and specifically denies each and every allegation contained in the Complaint and each

25  purported cause of action therein. Without limiting the generality of the foregoing,

26  Defendant specifically denies that Plaintiff is entitled to any of the relief requested; that

27  Defendant violated any statute or other legal requirement pertaining to compensation

28
                                         1

1  paid to Plaintiff; that Defendant is guilty of any wrongful conduct or omission; and that

2  any conduct or omissions of Defendant caused any injury or damage to Plaintiff in the

3  amount alleged or otherwise.

4  **II.    AFFIRMATIVE DEFENSES**

5       Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further

6  pleads the following separate and additional defenses to the Complaint, without in any

7  way agreeing or conceding that it has the burden of proof or persuasion on any of these

8  issues or that it is liable for any claims against it:

9       1.    The Complaint should be dismissed because each claim set forth in the

10  Complaint fails to state a claim upon which relief can be granted.

11      2.    The Complaint should be dismissed or transferred as it was filed in the

12  improper venue.

13      3.    Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's

14  failure to mitigate his damages.

15      4.    Some or all of Plaintiff's claims have been released by an earlier settlement

16  of related claims.

17      5.    Some or all of Plaintiff's claims are barred by the doctrine of laches.

18      6.    Some or all of Plaintiff's claims are barred by the doctrine of unclean

19  hands and/or the doctrine of waiver. To the extent Plaintiff was provided with the

20  opportunity to take meal and/or rest breaks and they declined failed, or refused to do so,

21  Plaintiff cannot recover.

22      7.    Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

23      8.    Some or all of Plaintiff's claims imposing penalties would be inequitable

24  and unjust and are therefore barred because a good faith dispute exists as to whether

25  additional compensation is due and owing and Defendant has not intentionally or

26  willfully failed to pay such additional compensation.

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

9.     Some or all of Plaintiff's claims are barred by applicable choice of law principles. California law does not apply to the work performed by Plaintiff and any person they purport to represent. Alternatively, Plaintiff's claims are also barred to the extent that Plaintiff or any person they purport to represent is not a resident of California and does not work primarily in California, because the provisions of the California Labor Code cited in the Complaint apply only to California residents working primarily in California.

10.    Plaintiff's claims must be dismissed to the extent they relate to work activities performed outside California because the California Labor Code and California Business & Professions Code § 17200 ("Section 17200") do not apply to work activities performed outside the state.

11.    The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in Section 17200.

12.    The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the U.S. Constitution and the California Constitution.

13.    Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

14.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

15.    Plaintiff's claims are barred because of the doctrine of avoidable consequences.

16.    This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, commonality, and superiority.

17.    Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code, California Business & Professions Code, or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

18.    Defendant has not willfully or intentionally failed to pay any compensation to Plaintiff so as to justify an award of penalties or fees to Plaintiff on that basis.

19.    To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such a relief because he has an adequate remedy at law.

20.    Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

21.    Plaintiff's allegations against unidentified "Doe" Defendants must be dismissed because Plaintiff has failed to identify and serve those purported defendants in a timely manner.

22.    Defendant has paid to Plaintiff, on a timely basis and with proper itemization, all wages to which Plaintiff was entitled.

23.    Plaintiff's claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST, art. I, § 8, cl. 3.

24.    Some or all of the claims in Plaintiff's complaint are barred by the applicable choice of law principles.

25.    The California wage and hour laws under which Plaintiff asserts his claims are unconstitutional as applied to interstate truck drivers under the Due Process Clause of the U.S. CONST. amend. XIV § 1.

26.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and the putative class members lack standing to assert

4

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

1    any of the causes of action contained in the Complaint because they have not suffered
2    an injury in fact.

3        27.    Plaintiff's meal and rest break claims are preempted under the Supremacy
4    Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's
5    meal and rest break rules conflict with the federal hours of service regulations, 49
6    C.F.R. Part 395, by imposing a different standard than that carefully set at the federal
7    level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the
8    FMCSA's regulation of the hours of service of drivers in interstate commerce through
9    the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for
10   additional or supplemental state regulation of drivers' hours of service.

11       28.    Plaintiff's claims for penalties under California Labor Code § 226
12   ("Section 226") are barred because California law does not apply to the wage
13   statements Defendant provides or provided to Plaintiff or any person they purport to
14   represent, and, even assuming for the sake of argument that Defendant violated Section
15   226, such alleged violation was not knowing and/or intentional on the part of
16   Defendant. Moreover, Plaintiff has failed to show any injury resulting from such alleged
17   violation.

18       29.    Plaintiff has failed to state facts sufficient to constitute a claim for waiting
19   time penalties under Section 203 because California law does not apply to Defendant's
20   employment of Plaintiff and any person they purport to represent.

21       30.    Plaintiff's claims are barred, in whole or in part, by the doctrine of
22   preemption, including that Plaintiff's claims regarding the alleged failure to provide
23   meal and rest breaks under California law, under the Supremacy Clause of the U.S.
24   Constitution, U.S. CONST. art. VI, cl. 2, because California's meal and rest break rules
25   affect Defendant's prices, routes, and services within the meaning of the express
26   preemption provision of the Federal Aviation Administration Authorization Act
27   ("FAAAA"), 49 U.S.C. § 14501.

28

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

31.    Plaintiff cannot recover alleged unpaid meal or rest break compensation under Section 17200 because any payments under Section 226.7 are not subject to equitable relief.

32.    Plaintiff's claims are barred, in whole or in part, to the extent that an award of penalties against Defendant would constitute an excessive fine and/or a violation of Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

33.    Plaintiff's claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST, art. VI, cl. 2, because compliance with the requirements of the California Labor Code affects Defendant's prices, rates, routes, and services within the meaning of the express preemption provision of the FAAAA, 49 U.S.C. § 14501.

34.    Some or all of Plaintiff's claims are barred because they impermissibly impact Defendant's prices, routes and services in violation of the FAAAA.

35.    Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case, then Defendant asserts the affirmative defenses set forth above against each and every member of the certified class.

36.    Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Defendant, May Trucking Company, requests that Plaintiff take nothing by his Complaint; that judgment be entered against Plaintiff and in favor of Defendant; that this case not be certified as a class action; that Defendant be awarded its attorney fees and costs in defending this case; and that Defendant be awarded all other relief as this Court deems proper.

6

1    Dated: November 28, 2017                SCOPELITIS, GARVIN, LIGHT,
2                                            HANSON & FEARY, LLP
3                                            By: _____
4                                                Megan E. Ross
5                                                Attorney for Defendant,
                                                 MAY TRUCKING COMPANY
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                   7

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

4

5

    On November 28, 2017, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7

8
                Norman B. Blumenthal

9
                Kyle R. Nordrehaug
                Aparajit Bhowmik

10
                Blumenthal, Nordrehaug & Bhowmik LLP
                2255 Calle Clara

11
                La Jolla, California 92037

12

√    **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

13

14

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

√    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

—    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

Executed on November 28, 2017, at Pasadena, California.

21

22

23
                         _____
4835-5270-7923, v. 1                             Michelle Lazo

24

25

26

27

28